IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DEREK LUCAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-02324-STA-cgc |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING IN PART RULE 60(b) MOTION,
TRANSFERRING IN PART RULE 60(b) MOTION TO
COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION,
DENYING MOTION FOR DEFAULT,
DENYING MOTION FOR DEFAULT JUDGMENT,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court are the motions of Petitioner, Derek Lucas, for relief from judgment (ECF No. 9), and for entry of default (ECF No. 12) and default judgment (ECF No. 13). For the reasons that follow, the motion for relief from judgment is **DENIED** in part and **TRANSFERRED** in part to the Sixth Circuit as a second or successive petition, and the remaining motions are **DENIED**.[1]

**BACKGROUND**

In 2012, a federal grand jury returned a superseding indictment charging (1) that Petitioner and other individuals conspired with each other and other persons to possess five kilograms or more of a mixture and substance containing a detectable amount of cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (Count 1), and (2) that all defendants, aided

---
[1] Unless otherwise noted, record citations are to documents filed in this case.

and abetted by each other, possessed four firearms in furtherance of the drug-trafficking crime charged in Count 1, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. (No. 2:11-cr-20032-02-STA, ECF No. 149.) Petitioner's case was tried by a jury, which returned a guilty verdict on both charges. (ECF No. 206.) The Court imposed a sentence of life imprisonment, (*id.*, ECF No. 251), which Petitioner unsuccessfully challenged on direct appeal, *see United States v. Lucas*, 542 F. App'x 510 (6th Cir. 2013) (per curiam).

In 2014, Lucas filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"). (ECF No. 1.) He subsequently filed an Amended Petition asserting that (1) "This court lacks In personam and In rem jurisdiction": (2) "Amendment 1 deprivation of privacy/Freedom of speech/religion"; (3) "Amendment II, deprivation to bear arms"; (4) "Amendment IV deprivation, search and seizure/warrants/probably cause"; (5) "Amendment V deprivation, Federal Due Process/self[-]incrimination/double jeopardy"; (6) "Amendment VI deprivation, Confrontation/presence/jury trial/speedy trial/counsel"; (7) "Amendment VII deprivation, common law"; (8) "Amendment VIII deprivation, Excessive bail and fines/Cruel and unusual punishment"; (9) "Amendment IX deprivation, Enumeration/Construed Disparage," and (1) "Amendment X deprivation, Powers not delegated/Nor Prohibited/Are Reserved." (ECF No. 3 at 2, 4, 6, 7, 9, 11, 13, 15-17.)

On July 1, 2015, the Court denied the Amended Petition. (ECF No. 7.) Judgment was entered the same day. (ECF No. 8.)

## DISCUSSION

On February 26, 2018, over two and one-half years after the entry of judgment in this case, Petitioner filed a motion for relief from judgment. (ECF No. 9.) He subsequently filed a

motion for entry of default and a motion for entry of default judgment. (ECF No. 12; ECF No. 13.) Respondent, United States of America, did not respond to the motions.

## I. Motion for Relief from Judgment

Lucas asserts eighteen grounds for relief from judgment, which he sets forth as "Questions":

1. "When, Where, and/or How was a crime in commission, that the government entered in on?"

2. "When, Where, and/or How could individuals be predispositioned to Rob a Stash House without Knowing a location?"

3. "When, Where, and/or How did session requirement accure [sic] for UNITED STATES, purchase of land at 5675 Summer Avenue in Memphis, Tennessee, for there to be an offense against UNITED STATES?"

4. "When, Where, and/or How does any individual holding a public office, have jurisdiction to use that office to trample on the reserved rights of Title DEREK LUCAS person and/or individual Derek Lucas?"

5. "When, Where, and/or How did possession of Temple Derek Lucas, Images/Photos, Fingerprints/Seal, become possession of Title DEREK LUCAS person?"

6. "When, Where, and/or How was Title Derek Lucas person and/or Temple Derek Lucas engaged in commerce?

7. "When, Where, and/or How is there a True Bill to prosecute, without voir dire selected, [indecipherable], and/or summoned in accordance to law?

8. "When, Where, and/or How is this True Bill to be paid, without any injury to individual and/or person, property, and/or habitation?"

9. "When, Where, and/or How is there sufficient evidence that Title DEREK LUCAS person and/or individual Derek Lucas traveled with Firearms in interstate and/or Foreign commerce?"

10. "When, Where, and/or How was Temple Derek Lucas reserved rights not deprived and/or Title DEREK LUCAS person not bankrupted?"

11. "When, Where, and/or How was Honorable Oath Judgment Honored in this conviction of Title DEREK LUCAS person and/or individual Derek Lucas?"

12. "When, Where, and/or How was there an offense without a crime against UNITED STATES and/or Citizen thereof, property, and/or habitation affecting interstate and/or foreign commerce?"

13. "When, Where, and/or How is there a valid Order of Commitment for any Warden and/or assignee to have Jurisdiction over Temple Derek Lucas?"

14. "When, Where, and/or How did individuals duly holding UNITED STATES offices, in the case of Title DEREK LUCAS person and/or individual Derek Lucas, Honor there [sic] signatory agreement to the Oath of Constitution?"

15. "When, Where, and/or How was there not plain error for the learned in law not to Vacate conviction on Direct Appeal and/or § 2255 in District Court and/or Appeal thereof?"

16. "When, Where, and/or How is the use of all LETTERS CAPITALIZED in a work a matter of form in law, other than the Naming of a Trust, Estate, Company, Corporation, and/or Association?"

17. "When, Where, and/or How is Title Derek Lucas person and/or Temple Derek Lucas to receive a Honorable Oath Judgment in any UNITED STATES Court?"

18. "When, Where, and/or How is a pro se individual bound to rules of a Court, that does not show to be bound to Oath of Office?"

(ECF No. 9 at 2-3.)

Under Federal Rule of Civil Procedure 60(b), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" upon a showing of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

A party seeking relief under any subsection of Rule 60(b) must show that he filed his motion "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Rule 60(b) motion here fails to state a basis for relief from judgment as to grounds 3, 4, 5, 7, 8, 10, 11, 13, 14, 15, 16, 17, and 18. Those allegations are incoherent, vague, or conclusory. Accordingly, the Rule 60(b) motion is **DENIED** in part, as to these grounds.

The Court liberally construes the remaining grounds—1, 2, 6, 9, and 12—as alleging that the evidence was insufficient to support Petitioner's convictions. This assertion is a new collateral attack on the convictions. The motion, in this respect, is therefore a second or successive petition under 28 U.S.C. § 2244. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding a Rule 60(b) motion is a second or successive habeas petition where it "seeks to add a new ground for relief"). "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not yet obtained authorization from the appellate court to file his new claims.

Petitioner's Rule 60(b) motion is therefore **TRANSFERRED** in part to the United States Court of Appeals for the Sixth Circuit as a second or successive petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that districts courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

5

## II. Motions for Default and Default Judgment

Petitioner argues that he is entitled to the entry of default and default judgment due to Respondent's failure to respond to his Rule 60(b) motion. The motions must be dismissed for two reasons.

Most obviously, default and default judgment cannot be entered in this case because judgment in Respondent's favor has already been entered. Additionally, a default judgment, which is governed by Rule 55(b) of the Federal Rules of Civil Procedure, "is not generally available in habeas proceedings." *Harris v. Warden, London Corr. Inst.*, No. 17-3944, 2018 WL 1224456, at *2 (6th Cir. Mar. 1, 2018) (unpublished) (citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)).

The motions for default and default judgment are therefore **DENIED**.

## APPEAL ISSUES

A petitioner who wishes to appeal the denial of a Rule 60(b) motion in a § 2255 proceeding must secure a certificate of appealability ("COA"). *Martinez v. United States*, No. 17-3989, 2018 WL 1401817, at *3 (6th Cir. Feb. 26, 2018) (unpublished) (citing *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010)); *see also* 28 U.S.C. § 2253(c)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny in part Petitioner's Rule 60(b) motion. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[2]

    **IT IS SO ORDERED**.

                                s/ S. Thomas Anderson
                                S. THOMAS ANDERSON
                                CHIEF UNITED STATES DISTRICT JUDGE

                                Date: August 7, 2018

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.